IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ALBERT LEON SMITH, #19642-076**     **PETITIONER**

**VERSUS**     **CIVIL ACTION NO. 5:10-cv-66-DCB-MTP**

**BRUCE PEARSON, Warden; and**
**HARDEMAN COUNTY SHERIFF'S DEPARTMENT**     **RESPONDENTS**

## ORDER

BEFORE the Court is Petitioner Smith's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed April 19, 2010. Petitioner is an inmate[1] at the Federal Correctional Complex (FCC), Yazoo City, Mississippi, challenging a detainer lodged against him by the State of Tennessee[2] which he contends violates the Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. 2, § 2, because the State has failed to try him on pending charges within the time frame provided by the IAD. Petitioner is requesting that this Court "dismiss the charges with prejudice." Pet. [1], p. 5. Although this Court may not be able to grant the specific relief requested by the Petitioner, the IAD is a federal law subject to federal construction and § 2241 relief is arguably available in some form regarding IAD violations.[3] Therefore, the Court will

---

[1] Petitioner is currently serving a 235-month sentence of incarceration rendered by the United States District Court for the Western District of Tennessee.

[2] Petitioner states that the Hardeman County Sheriff's Department of Tennessee lodged a detainer with the Bureau of Prisons on March 19, 2008, based on pending charges of theft and animal fighting.

[3] *See Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985)(reversed dismissal of habeas petition based on IAD violations and remanded with directions to vacate state conviction and remove detainer placed in prison file); *Mace v. Whitehead*, No. 08-cv-3216, 2010 WL 1490001 (D. MD. Apr. 12, 2010)(§ 2241 petition granted, court quashed detainer filed by Virginia against federal inmate housed in Maryland based on IAD violations); *Williams v. Federal Medical Center*, No. 07-cv-128, 2007 WL 2702329 (E.D. Ky. Sept. 11, 2007)(§ 2241 petition granted in part, court quashed detainer filed by Georgia against federal inmate housed in Kentucky based on IAD violations).

not *sua sponte* dismiss this case at this early juncture in the proceedings.[4]  However, the Court emphasizes that this Order does not reach a determination regarding the propriety of Petitioner's claims in this Court.

Further, the Court notes that the proper respondent in this action is the person having custody of the Petitioner.[5]  Therefore, Bruce Pearson as the Warden of the FCC in Yazoo City, Mississippi, is Petitioner's custodian and will be directed to file a response to the Petition.[6]  As such the Court will dismiss "Hardeman County Sheriff's Department" as a Respondent. Accordingly, it is hereby,

ORDERED AND ADJUDGED:

1. That the Hardeman County Sheriff's Department is dismissed as a Respondent in this case.

2. That Respondent, Bruce Pearson, file an answer or other responsive pleading in this cause within twenty days of the service of this order.

3. That the United States District Clerk is directed to issue summons to **Bruce Pearson, Warden, FCC - Yazoo City, 2255 Haley Barbour Pkwy, Yazoo City, Mississippi 39194.**

4. That the United States District Clerk shall serve, by certified mail, a copy of the summons, Petition [1] and Response [3] filed herein, along with a copy of this order upon the

---

[4] *See, e.g., Bloomgarden v. Miles*, No. 1:05cv324, 2006 WL 314545  (E.D. Tex. Feb. 7, 2006)(response filed to federal inmate's § 2241 petition challenging IAD violations by California, even though case was ultimately *sua sponte* transferred to the Central District of California).

[5] *See Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488 (1983)).

[6] *See Hutson v. Scott*, No. 95-20600, 1995 WL 783407 (5th Cir. Nov. 30, 1995)(Texas official holding inmate pursuant to Oklahoma detainer is acting as agent of Oklahoma, and the Southern District of Texas had jurisdiction to consider the petition).

**Civil Process Clerk of the Office of the United States Attorney for the Southern District of Mississippi**, 188 E. Capitol St., Suite 500, Jackson, Mississippi 39201; the **Attorney General of the United States**, at United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530; and **Bruce Pearson,** Warden, FCC - Yazoo, P.O. Box 5050, Yazoo City, Mississippi 39194.

    5.  That the Clerk of Court shall also serve a copy of this order upon **Petitioner** by mailing same to Petitioner's last known address.  The Petitioner is warned that his failure to timely comply with any order of this Court or a failure to keep this Court informed of his current address, may result in the dismissal of this case.

    SO ORDERED, this the 23rd  day of September, 2010.


                                    s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE